The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBINHOOD DERIVATIVES, LLC,

                Plaintiff,

    v.

TINA GRIFFIN, in her official capacity as Executive Director of the Washington State Gambling Commission; ALICIA LEVY, in her official capacity as Chair of the Washington State Gambling Commission; SARAH LAWSON, in her official capacity as Vice Chair of the Washington State Gambling Commission; NOAH SKARTVEDT, in his official capacity as Commissioner of the Washington State Gambling Commission; MICHAEL CHARLES, in his official capacity as Commissioner of the Washington State Gambling Commission; and NICHOLAS W. BROWN, in his official capacity as Attorney General for the State of Washington,

                Defendants.

No. 3:26-cv-05311-JCC

STIPULATED MOTION AND [~~PROPOSED~~] ORDER CONCERNING ENFORCEMENT ACTIONS

NOTE ON MOTION CALENDAR:
May 20, 2026

## STIPULATED MOTION

Plaintiff Robinhood Derivatives, LLC ("Robinhood") and Defendants Tina Griffin, Alicia Levy, Sarah Lawson, Noah Skartvedt, Michael Charles, and Nicholas W. Brown (collectively, "Defendants," and together with Robinhood, the "Parties"), through their undersigned counsel, respectfully submit this stipulated motion to jointly request that the Court enter the proposed order

STIPULATED MOT. AND
[~~PROPOSED~~] ORDER RE: ENFORCEMENT ACTIONS
(3:26-cv-05311-JCC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

below.  The proposed order would approve the Parties' agreement that Defendants shall not pursue certain civil or criminal enforcement actions against Robinhood, and would stay the above-captioned action pending the Ninth Circuit's resolution of related appeals that the Parties agree present the same preemption issues raised in this case.  In support of their request, the Parties represent as follows:

1.      **WHEREAS**, on March 30, 2026, Robinhood filed this action against Defendants concerning Defendants' potential enforcement of Washington state law concerning Robinhood's role in the trading of event contracts on Federally regulated Designated Contract Markets ("DCMs"), Dkt. 1;

2.      **WHEREAS**, Robinhood has alleged that all state laws are preempted as they relate to trading of event contracts on DCMs as a result of the Commodity Exchange Act ("CEA");

3.      **WHEREAS**, currently before the United States Court of Appeals for the Ninth Circuit are appeals arising from litigation in the United States District Court for the District of Nevada captioned *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-cv-01541-APG-DJA (D. Nev. Nov. 25, 2025), *appeal filed*, No. 25-7831 (9th Cir.); *KalshiEx, LLC v. Dreitzer*, No. 25-cv-00575-APG-BNW (D. Nev. Nov. 24, 2025), *appeal filed sub nom. KalshiEx, LLC v. Assad*, No. 25-7516 (9th Cir.); and *North American Derivatives Exchange, Inc. v. Dreitzer*, No. 25-cv-00978-APG-BNW (D. Nev. Oct. 14, 2025), *appeal filed sub nom. North American Derivatives Exchange, Inc. v. Nevada*, No. 25-7187 (9th Cir.) (the "Ninth Circuit Appeals");

4.      **WHEREAS**, the Ninth Circuit Appeals are fully briefed, were argued on April 16, 2026, and concern the same preemption issues raised by Robinhood's Complaint; and

5.      **WHEREAS**, the Parties have conferred regarding the action and agree good cause exists to grant their requested relief to prevent unnecessary expenditure of judicial resources and the Parties' resources while the related issues are before the Ninth Circuit.

6.      The Parties therefore stipulate and agree (subject to Court approval) that:

STIPULATED MOT. AND
[~~PROPOSED~~] ORDER RE: ENFORCEMENT ACTIONS
(3:26-cv-05311-JCC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

a.      Defendants shall not pursue civil or criminal enforcement actions against Robinhood for alleged violations of RCW §§ 4.24.070, 9.46.0241(3)–(4), 9.46.0253, 9.46.0269(d), 9.46.0368, 9.46.180, 9.46.215, 9.46.217, 9.46.220–.222, 9.46.228, 9.46.240, 19.86.010, 19.86.020, 19.86.080, 19.86.140, or any other Washington state law with respect to Robinhood's role in transactions involving event contracts traded on a DCM until further Order of this Court is issued following a decision by the Ninth Circuit resolving one or more of the Ninth Circuit Appeals (the "Ninth Circuit Decision") and the occurrence of the first of the following events (the "Conditions"):

i.      The deadline to seek *en banc* review of the Ninth Circuit's decision expires without such further review being sought; or

ii.      The request for such further review is denied.

b.      This action shall be administratively stayed pending Order of this Court following the Ninth Circuit Decision and the occurrence of the first of the Conditions.

c.      Within ten days of the Ninth Circuit Decision and the occurrence of the first of the Conditions, the Parties shall meet and confer regarding whether agreement may be reached about the status of this action.

d.      Absent agreement to a different course of action following the Parties' conference, within twenty days of the Ninth Circuit Decision and the occurrence of the first of the Conditions, the Parties shall submit a status report informing the Court of their respective opinions regarding the impact of the Ninth Circuit Decision and the occurrence of the Condition on the status of this action.

e.      If this Court does not enter a further Order, as specified in item 6(b) above, within eighteen (18) months of the date of filing of this Stipulation, Defendants reserve the right to withdraw this Stipulation upon fourteen (14) days' written notice to Robinhood.

f.      The Parties agree that by entering into this Stipulation, they do not waive any rights in this action beyond those expressly stated herein.  The Parties also agree that

STIPULATED MOT. AND
[PROPOSED] ORDER RE: ENFORCEMENT ACTIONS
(3:26-cv-05311-JCC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

this Stipulation does not resolve any claim or defense asserted in this action, and that neither Robinhood nor Defendants will make any motion or argument on the basis of this Stipulation, except as it concerns enforcement of this Stipulation.

DATED this 20th day of May, 2026.

DAVIS WRIGHT TREMAINE LLP

By *s/ Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 622-1610
Fax: (206) 757-7700
Email: kenpayson@dwt.com

CRAVATH SWAINE & MOORE LLP
Kevin J. Orsini (*pro hac vice*)
Antony L. Ryan (*pro hac vice*)
Brittany L. Sukiennik (*pro hac vice*)
375 Ninth Avenue
New York, New York 10001

*Attorneys for Robinhood Derivatives LLC*

NICHOLAS W. BROWN
Attorney General

By *s/ Andrea Alegrett*
ANDREA ALEGRETT, WSBA #50236
TERRENCE K. MANGAN, JR, WSBA #65269
Assistant Attorneys General
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
andrea.alegrett@atg.wa.gov
tk.mangan@atg.wa.gov

*Attorneys for Defendant Nicholas W. Brown, in his official capacity as Attorney General for the State of Washington*

By *s/ Suzanne Becker*
SUZANNE BECKER, WSBA #40546
MATTHEW KERNUTT, WSBA #35702
Assistant Attorneys General
PO Box 40100
Olympia, WA 98504-0100
suzanne.becker@atg.wa.gov
matthew.kernutt@atg.wa.gov

*Attorneys for Defendants Tina Griffin, Alicia Levy, Sarah Lawson, Noah Skartvedt, and Michael Charles in their official capacities with the Washington State Gambling Commission*

STIPULATED MOT. AND
[PROPOSED] ORDER RE: ENFORCEMENT ACTIONS
(3:26-cv-05311-JCC) - 4

**ORDER**

IT IS SO ORDERED.


DATED this 21st day of May 2026.


John C. Coughenour
United States District Judge

STIPULATED MOT. AND
[~~PROPOSED~~] ORDER RE: ENFORCEMENT ACTIONS
(3:26-cv-05311-JCC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax